# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| AVERA MCKENNAN,<br><br>    Plaintiff,<br><br>vs.<br><br>MEADOWVALE DAIRY EMPLOYEE BENEFIT PLAN; and MEADOWVALE DAIRY, LLC, *in its capacity as plan administrator*,<br><br>    Defendant. | No. 18-cv-4010-LTS<br><br>**ORDER** |

This matter is before the Court on Defendants' Motion to Compel. (Doc. 29.) Plaintiff timely filed a resistance. (Doc. 33.) For the following reasons, Defendants' motion is **DENIED**.

## I.    FACTUAL BACKGROUND

The Court has previously discussed the factual background of this case in depth and will not repeat that discussion here. (Doc. 19 at 1-5.) In sum, this case was brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et. seq.* ("ERISA"), by Plaintiff as "assignee of all of the late Juan Pablo Garcia Marquez'[s] . . . rights, remedies, benefits, and causes of action under the Meadowvale Dairy Employee Benefit Plan." (Doc. 17 ¶ 1.) Plaintiff is a non-profit hospital that treated Mr. Marquez for an ailment that left Mr. Marquez paralyzed. (*Id.* ¶¶ 1, 3.)

> Pursuant to a written assignment ("the assignment") Mr. Marquez allegedly assigned to [Plaintiff] all of [Mr. Marquez's] rights, remedies, benefits . . . as well as any and all causes of action that [Mr. Marquez] might have now or in the future against any Payer to the extent of [Mr. Marquez's] medical charges, [and] the right to prosecute such cause of action either in [Mr. Marquez's] name or in the name of [Plaintiff].

(Doc. 17-4 at 1) (omission in original) (citation and internal quotation marks omitted.) The Parties do not contest whether Defendants are "payers," within the meaning of the assignment, and the Court will therefore assume that Defendants are "payers" for purposes of the instant motion.

Plaintiff alleges that Mr. Marquez was entitled to benefits under the Meadowvale Dairy Employment Benefit Plan, and that Meadowvale Dairy, LLC, as plan administrator, improperly denied such benefits. (Doc. 17 ¶¶ 25-30.) Plaintiff asserts that Plaintiff is empowered to bring this suit based on rights Mr. Marquez would have had, but for the assignment of those rights to Plaintiff.[1] (*Id.* at 1.)

## II. PROCEDURAL HISTORY

On February 12, 2018, Plaintiff filed its Complaint. (Doc. 1.) On March 30, 2018, Defendants filed a Motion to Dismiss Complaint. (Doc. 13.) On April 19, 2018, Plaintiff filed its Amended Complaint. (Doc. 17.) On April 30, 2018, Defendants filed a Motion to Dismiss Amended Complaint. (Doc. 18.) On May 4, 2018, the Court entered its Memorandum of Opinion and Order on Motion to Dismiss, in which the Court denied both pending Motions to Dismiss. (Doc. 19.)

---

[1] Defendants contest the validity of the assignment. (Doc. 21 ¶ 1.)

2

The motions, briefs, and the Court's ruling thereon, addressed at length Defendants' argument regarding Plaintiff's standing under the Assignment. (Docs. 13-, at 1-8; 18-6 at 1-8; 19 at 6-9.) On May 14, 2018, the Court approved and adopted the Parties' Joint Proposed Scheduling Order For a Claim-Review Case Filed Under ERISA. (Doc. 20.) On August 20, 2018, the Court granted Defendants' Motion for an Extension of Time, in which Defendants sought an extension of time for Defendants to file their meritorious brief and for Plaintiff to file its reply brief. (Docs. 30, 31.) The Scheduling Order set the following relevant deadlines:

    1. Deadline for filing of the administrative record: June 4, 2018

    2. Deadline for filing of Plaintiff's opening brief: July 13, 2018

(Doc. 20.) Under the Order Granting Motion for Extension of Time, the deadlines for Defendants to file their brief and for Plaintiff to file its reply brief became contingent upon the Court's ruling on the instant motion. (Doc. 31.) Specifically, the Court held as follows:

> Defendants are directed to file their brief(s) in response to Plaintiff's opening brief in accordance with the following: if the Court grants the motion to compel, Defendants' brief(s) is due fifteen (15) days after Plaintiff responds to Defendants' requests for production; if the Court denies the motion to compel, Defendants' brief(s) is due fifteen (15) days after the Court's order denying the motion to compel. In either case, Plaintiff's reply brief, should Plaintiff choose to file one, is due fifteen (15) days after Defendants' file their brief(s.)

(*Id.*)

Following the Court's ruling on Defendants' Motions to Dismiss, Defendants jointly filed their untimely Answer on May 29, 2018. (Doc. 21.) *See also,* Fed. R. Civ.

3

P. 12(a)(4)(A). The administrative record was timely submitted on June 4, 2018. (Doc. 22.) The Parties jointly submitted an amended administrative record on June 14, 2018. (Doc. 23.)

On July 3, 2018, Defendants served the two Requests for Production of Documents that are at issue in this matter; i.e., only ten days before Plaintiff's opening brief was due. (Doc. 29-2.) Plaintiff served responses and objections to Defendants' Requests on August 1, 2018. (Doc. 29-3.) Defendants filed their Motion to Compel on August 17, 2018. (Doc. 29.) Accompanying the motion to compel is a perfunctory declaration of Defendants' counsel, which states that counsel "consulted with Plaintiff in an attempt to resolve the underlying discovery dispute concerning production of documents responsive to Requests No. 1 and 2." (Doc. 29-4 ¶ 2.) Counsel further attests that the Parties were unable to reach an agreement. (*Id.* ¶ 3.)

### III.   *THE DISCOVERY DISPUTE*

Defendants seek to compel Plaintiff to produce information pursuant to two requests for production. The subject Requests read as follows:

> [Request for Production Number One:] All documents concerning any payment Plaintiff requested or received from a Medicaid program or agency related to health care services provided to or received by [Mr. Marquez], including but not limited to claims made, payments, assignment of rights, powers of attorney, correspondence, communications, and liens.
>
> [Request for Production Number Two:] All documents concerning any payment Plaintiff requested or received from any person or entity, other than a Medicaid program or agency, related to health care services provided to or received by [Mr. Marquez], including but not limited to claims made,

4

payments, assignments of rights, powers of attorney, correspondence, communications, and liens.

(Doc. 29-2 ¶¶ 1-2.) Defendants argue that the information sought regarding these collateral source payments is relevant to show whether Plaintiff has standing to pursue this case. (Doc. 29-1 at 3.)

Defendants contend that, assuming, *in arguendo*, the assignment was valid, the assignment effected only a lien, and Mr. Marquez retained rights in the claims being levied against. (*Id.* at 1-3.) If the "assignment" was, in fact, merely a lien, Defendants reason, then Plaintiff would be entitled only to payment of Mr. Marquez's medical expenses and would not be entitled to pursue any claims Mr. Marquez could have pursued on his own behalf. (*Id.* at 3.) If Mr. Marquez's medical expenses were paid in full by Medicaid or other collateral sources, Defendants continue, Mr. Marquez's debt to Plaintiff would have been extinguished, leaving Plaintiff with no debt to pursue in this Court. (*Id.*) Without a debt to pursue, Defendants contend that Plaintiff would be without injury and, therefore, without standing to pursue this action. (*Id.*) As such, Defendants urge that they are entitled to discovery regarding collateral medical payments that may tend to negate Plaintiff's claim that Plaintiff has standing to pursue this action.

## IV. DISCUSSION

### A. Applicable Law

Federal Rule of Civil Procedure 26(b)(1) sets the following limitations on discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The Eighth Circuit Court of Appeals has held that "[i]n ERISA cases, the general rule is that review is limited to evidence that was before the administrator," unless the party seeking more evidence presents a "convincing reason why [the case currently before the court] should be an exception." *See Jones v. ReliaStar Life Ins. Co.*, 615 F.3d 941, 945 (8th Cir. 2010). Implicit in this holding is the idea that in the right ERISA case, discovery could properly take place before the administrator or in district court. Courts have held that where a plaintiff's standing to pursue an ERISA action is at issue, and where discovery may be helpful in resolving the question of standing, "a period of limited discovery is warranted to develop a record on the issue of whether [standing is proper]." *Jarman v. Capital Blue Cross*, 998 F. Supp.2d 369, 378 (M.D. Penn. 2014); s*ee also Am. Med. Ass'n v. United Healthcare Corp.*, No. 00Civ.2800(LMM)(GWG), 2002 WL 31413668, at *2 (S.D.N.Y. Oct. 23, 2002) (granting leave to conduct discovery to determine whether the parties to the action were properly named as such). Where discovery is proper in an ERISA case, Federal Rule of Civil Procedure 26 governs. *Ehler v. Wheaton Franciscan Med. Plan*, No. C08-2021, 2009 WL 722065, at *3 (N.D. Iowa

Mar. 18, 2009); *see also Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1162 (10th Cir. 2010).

## B. *Analysis*

### 1. *Merits of Defendants' Objections*

Defendants have propounded two requests for production, each of which is tailored to discover only such information as would support Defendants' theory regarding Plaintiff's standing. As such, the Court is satisfied that the scope of discovery sought is narrow enough that it is of the "limited" nature that may be proper in this ERISA case. *See Jarman*, 998 F. Supp.2d at 378.

The final step in the Court's inquiry is to assess each of Plaintiff's substantive objections to the discovery requests so that the Court may determine whether those objections are sufficient to defeat the discovery requests. Plaintiff's first objection is that the Requests for Production "seek[ ] information outside of the administrative record." (Doc. 29-3 at 1.) The Court has found that the appellate nature of this case does not preclude the reopening of discovery for purposes of investigating Plaintiff's standing. Plaintiff's first objection to each Request for Production is overruled.

Plaintiff further objects to Request for Production Number One on the basis that the Request "is contrary to the language of the Plan, seeks information not relevant to the claims or defenses asserted by any party, and is not reasonably calculated to lead to discoverable evidence." (*Id*. at 2.) Plaintiff does not address this objection in its brief (Doc. 33), and the Court is not inclined to speculate as to how the request could be

7

"contrary to the language of the Plan." Additionally, it is far from clear how this statement constitutes a valid objection to the Request. Even if the Request is "contrary to the language of the Plan," such an objection is of no consequence. Defendants apparently do not seek the information to enable them to seek benefits contrary to the Plan language, but merely to determine whether Plaintiff has standing.

The requests are calculated to obtain information relevant to Defendants' defense that Plaintiff lacks standing to pursue this action. (*See* Doc. 21 at 6.) As such, each of the aforementioned objections to Request for Production Number One is overruled.

Plaintiff also objects that the Requests are overly broad and unduly burdensome. (Doc. 29-3 at 2-3.) Although Plaintiff argues that the catchall terms "related to," "concerning," and "included, but not limited to" used in the Requests make the Requests facially overbroad and unduly burdensome, Plaintiff has failed to state, specifically, why such terminology would render discovery overly broad and unduly burdensome in *this* case. That is, Plaintiff has raised the objections, but Plaintiff has not particularized its objections such that the Court is able to discern. *See* Fed. R. Civ. P. 34(b)(2)(B) (objections to requests must "state with specificity the grounds for objecting to the request, including the reasons"); *Steed v. EverHome Mortg. Co.*, 308 Fed. App'x 364, 371 (11th Cir. 2009) ("We have noted that boilerplate objections may border on a frivolous response to discovery requests."); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("[T]he mere statement by a party that [a discovery request] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful

objection to an interrogatory. . . . [T]he party resisting discovery must show specifically how each [discovery request] is not relevant or how each [request] is overly broad, burdensome, or oppressive.") (citation, internal quotation marks, and alteration omitted); *St. Paul Reins. Co., Ltd. v. Comm. Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000) ("[T]he litany of plaintiffs' boilerplate objections are unsubstantiated because they fail to show specifically how each discovery request is burdensome [or] oppressive . . . by submitting affidavits or offering evidence revealing the nature of the objections."). As such, the Court overrules the last of Plaintiff's objections.

### 2. Timeliness of Defendants' Objections

Nevertheless, it appears to the Court that Defendants' discovery requests are untimely. As stated above, *Jones v. ReliaStar Life Insurance Company* provides that discovery on appeal is limited to the evidence before the administrator. 615 F.3d at 945. Defendants have not explained why they failed to pursue this discovery during the administrative proceedings. Nor have Defendants explained their failure to assert the need for discovery at the time the Scheduling Order was entered in this matter. Defendants have neither suggested nor shown that the issue of standing was raised during the administrative proceedings. If the issue was raised below, Defendants have failed to show the Court when and how it was asserted or whether the issue was preserved for appeal.

Even if the Court were to find the issue is the proper subject of discovery under *Jones*, the Court finds it proper to **deny** Defendants' motion as untimely. Defendants are

9

essentially seeking to amend the Scheduling Order to include some period of discovery. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* LR 16(f) ("A motion to extend a scheduling order deadline must demonstrate good cause for the requested extension."); *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006), *superseded on other grounds,* 556 U.S. 148 (2009) ("The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."). In ruling on motions to extend deadlines and continue trials, the Court is guided by Rule 1 of the Federal Rules of Civil Procedure, which requires the Court and the parties to construe the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see also, Rouse v. Farmers St. Bank of Jewell*, 866 F. Supp. 1191, 1199 (N.D. Iowa 1994) (holding that adherence to reasonable deadlines "is critical to maintaining integrity of court proceedings").

Having raised the standing issue arising from the assignment, Defendants should have known at the time of their motion to dismiss—and certainly by the time of the submission of the proposed scheduling order—that they believed some discovery was warranted under *Jones*. Instead of requesting a period of discovery and diligently pursuing such discovery, Defendants simply served requests ten days before Plaintiff's brief was due. Serving the requests in this fashion renders the requests untimely. Defendants' motion is therefore **denied**.

## *V.     CONCLUSION*

For the aforementioned reasons, Defendants' Motion to Compel **(Doc. 29)** is **DENIED.**

**IT IS SO ORDERED** this 1st day of October, 2018.

_____
Mark A. Roberts
United States Magistrate Judge
Northern District of Iowa